Babak Semnar, Esq. (#224890)
Semnar Law Firm, Inc.
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Jared M. Hartman, Esq. (#254860)
Hartman Law Office, Inc.
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 234-0881; Fax: (888) 819-8230

Attorneys for Plaintiff
MARIO CARPINELLI

# U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

| | |
|---|---|
| MARIO CARPINELLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MANDARICH LAW GROUP, a limited liability partnership; CACH, a limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>2. **CALIFORNIA ROSENTHAL ACT** |

Plaintiff, MARIO CARPINELLI, an individual, by and through her attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, by and through her attorneys of record, bring this action to secure

1
COMPLAINT

redress from unlawful debt collection practices engaged in by Defendant MANDARICH LAW GROUP, LLP (hereinafter "Defendant MANDARICH") and Defendant CACH, LLC (hereinafter "Defendant CACH") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal Act, Calif. Civ. Code §§ 1788-1788.32 (hereinafter "Rosenthal Act").

1. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

2. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## **JURISDICTION AND VENUE**

4. This action arises out of Defendant MANDARICH's and Defendant CACH's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

5. Because Defendant MANDARICH conducts business within the State of California, and is physically located at 6301 Owensmouth Ave., Suite 850, in the City of Woodland Hills, State of California, personal jurisdiction is established.

6. Because Defendant CACH conducts business within the State of California, and is physically located at 14111 Freeway Drive, Suite 300, in the City of Santa Fe Springs, State of California, personal jurisdiction is established.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

**PARTIES & DEFINITIONS**

8. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

9. Defendant MANDARICH alleged that Plaintiff owed them money that they were allegedly collecting on behalf of Defendant CACH that originated from a line of credit granted by Bank of America that Plaintiff utilized for personal living expenses, and Plaintiff is therefore informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

10. Upon information and belief, Defendant was attempting to collect on a debt that originated from a line of credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction"

within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

11. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

12. Plaintiff is informed and believes that Defendants MANDARICH and CACH utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and are also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

**FACTUAL ALLEGATIONS**

13. Plaintiff is informed and believes that, on December 29, 2011, Defendant MANDARICH filed a lawsuit on behalf of Defendant CACH against Plaintiff in the County of Riverside Superior Court, under case number TEC1111328.

14. Defendants' complaint against Plaintiff sought judgment in the amount of $8,569.20 plus interest at the rate of 10% per annum.

15. Plaintiff is informed and believes that this lawsuit arose out of a debt that

Plaintiff allegedly incurred for a Bank of America credit card that he allegedly defaulted upon, and Plaintiff utilized that card strictly for personal and household living expenses.

16. Plaintiff is informed and believes that Defendant CACH is the assignor of the debt that Plaintiff allegedly owed to Bank of America.

17. Plaintiff is informed and believes that Defendant MANDARICH—on behalf of, at the direction of, and in association with Defendant CACH—filed a proof of service with the Superior Court on January 20, 2012, alleging that the process server retained by Defendant MANDARICH left copies of the complaint and summons with an individual identified as Guillermo Carpinelli on January 15, 2012 at an address on Rancho California Road in the City of Temecula.

18. However, Plaintiff can provide documentary proof from the County of Los Angeles dated January 11, 2012 that he resided in the City of Los Angeles at the time.

19. Upon information and belief, the proof of substitute service filed January 20, 2012 also indicates that Guillermo Carpinelli informed the process server that Plaintiff did not reside at the Rancho California Road address but that he received mail there.

20. Upon information and belief, Guillermo Carpinelli did not tell the process server that this Rancho California Road address was Plaintiff's "usual mailing address", because the proof of service does not indicate that Guillermo Carpinelli gave any details regarding when Plaintiff received mail at that address, how often Plaintiff received mail

1 at that address, and when was the last time Plaintiff received mail at that address.

2     21. Moreover, Plaintiff's usual mailing address at the time was in the City of
3 Los Angeles.

4     22. California law requires substitute service be accomplished at the address
5 where the defendant actually resides "at the person's dwelling house, usual place of
6 abode, usual place of business, or usual mailing address other than a United States
7 Postal Service post office box". Calif. Code Civ. Pro. § 415.20(b).

8     23. Defendant MANDARICH also filed with the Superior Court on January
9 30, 2012 a proof of service showing that they attempted to serve Plaintiff at a Juniper
10 Street address in the City of Temecula on January 7, 2012 but was not successful.

11     24. Defendant MANDARICH also filed with the Superior Court on January
12 30, 2012 another proof of service showing that they attempted to serve Plaintiff at a
13 Madeira Lane address in the City of Murrieta on January 2, 2012 but was not
14 successful.

15     25. Therefore, Defendant MANDARICH knew that Plaintiff had not been
16 properly served with the complaint and summons because they knew he did not reside
17 at the address where they claim to have completed substitute service.

18     26. Under California law, a law firm that retains a process server is
19 "necessarily charged with notice of the acts and declarations of his agent". <u>Bishop v.</u>
20 <u>Silva</u> (1991) 234 Cal. App. 3d 1317, 1322 (*quoting* <u>Ippolito v. Municipal Court</u> (1977)
21 67 Cal. App. 3d 682, 687).

27.     Upon information and belief, Defendant MANDARICH—on behalf of, at the direction of, and in association with Defendant CACH—filed a request for default judgment against Plaintiff on August 22, 2012 despite knowing they had not completed legally effective service of process upon him.

28.     Upon information and belief, Defendant MANDARICH obtained default judgment on August 27, 2012 against Plaintiff in the amount of $10,895.27.

29.     Upon information and belief, Defendant MANDARICH—on behalf of, at the direction of, and in association with Defendant CACH—issued a writ of execution for monetary judgment upon Plaintiff's bank account on September 23, 2013 in the amount of $11,928.44, which resulted in his bank charging him a non-refundable processing fee of $126.59.

30.     Upon information and belief, at all times relevant herein, Defendant MANDARICH was acting on behalf of, at the direction of, and in association with Defendant CACH, and therefore Defendant CACH is liable for violations committed by Defendant MANDARICH through vicarious liability.

31.     Moreover, an attorney's violations of the FDCPA arising out of a lawsuit filed against a debtor are imputed as vicarious liability to the client on whose behalf the attorney filed the lawsuit. *See Fox v. Citicorp Credit Services (9th Cir. 1993) 15 F.3d 1507, 1516* ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken").

32.     As a result of Defendant's unfair, oppressive, and abusive conduct in

1  connection with their debt collection activity by issuing a writ of execution of monetary
2  judgment against Plaintiff's bank on September 23, 2013 despite the fact that they knew
3  Plaintiff had not been properly served with process, Plaintiff has suffered mental
4  anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

5      33. At all times during the aforementioned actions, there was in full force and
6  effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to
7  15 U.S.C. § 1692d:

8,9
> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

10      34. At all times during the aforementioned actions, there was in full force and
11  effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to
12  15 U.S.C. § 1692f:

13
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

14

15      35. At all times during the aforementioned actions, there was in full force and
16  effect the following obligation for a debt collector in connection with the collection of
17  any debt, pertaining to pursuant to California Civil Code § 1788.17 of the Rosenthal
18  Act, requiring all debt collectors to be responsible for and liable for all requirements
19  contained with the Federal FDCPA, exceptions of which are not applicable:

20,21
> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j,

9
**COMPLAINT**

        inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

36. At all times during the aforementioned actions, there existed the following prohibition upon debt collectors for pursuing legal actions with knowledge that service of process has not been legally effected, pursuant to Calif. Civ. Code §1788.15(a):

        (a) No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**(As against both Defendants)**
**15 U.S.C. §§ 1692-1692p**

37. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

38. By issuing a writ of execution for monetary judgment against Plaintiff's bank on September 23, 2013 despite knowing that Plaintiff had not been properly served with the summons and complaint, Defendants therefore acted with unfairness, unconscionable means, oppression, and abuse towards Plaintiff and therefore violated 15 U.S.C. §§ 1692d & 1692f of the FDCPA.

///

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF ROSENTHAL ACT)**
**(As against both Defendants)**
**CAL. CIV. CODE §§ 1788-1788.32**

39.     Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

40.     By violating 15 U.S.C. §§ 1692d & 1692f of the FDCPA, Defendants have also therefore necessarily violated the Rosenthal Act as those FDCPA violations have been incorporated into the Rosenthal Act by way of Calif. Civil Code § 1788.17.

41.     Moreover, by issuing a writ of execution for monetary judgment on September 20, 2013 upon Plaintiff's bank account despite knowing that Plaintiff had not been properly served with the summons and complaint, Defendants have therefore violated Calif. Civ. Code §1788.15(a) of the Rosenthal Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant and Plaintiff be awarded damages from each and every Defendant jointly and severally as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA;
- An award of actual damages pursuant to California Civil Code § 1788.30(a) of the Rosenthal Act, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32;
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as incorporated into the Rosenthal Act by way of Calif. Civ. Code §1788.17, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c) of the Rosenthal Act.

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 16, 2014            Respectfully submitted,

HARTMAN LAW OFFICE, INC.

By:    /s/ Jared M Hartman_____
       Jared M. Hartman, Esq.
       Attorney for Plaintiff

COMPLAINT